IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOCORRO PORTER,

    Plaintiff,

v.                                                            No. CIV 21-0528 RB/GJF

City of Portales – City Hall
Attn: Mayor Ron Jackson
100 W. 1st St., Portales, NM 88130

Portales Police Department
Attn: Pat Gallegos Chief of Police
Attn: Officer Nickolas Laurenz
42427 US Hwy 70, Portales, NM 88130

Roosevelt County Detention Center
Attn: Justin Porter Detention Administrator
1700 N. Boston, Portales, NM 88130

Roosevelt County Board of Commissioners
Attn: Amber Hamilton County Manager
109 W. 1st St., Portales, NM 88130

Roosevelt General Hospital
Attn: Kaye Green Chief Executive Officer, FACHE
Attn: Board of Directors
42121 US Hwy 70, Portales, NM 88130,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On May 7, 2019, Officer Nickolas Laurenz of the Portales Police Department responded to a possible domestic dispute between Plaintiff Socorro Porter and her adult daughter (Ericka) at Porter's home. While Laurenz interviewed Ericka, Porter went into her house and locked the door. Porter ignored Laurenz's later demands to unlock the door or to come out of the house. Laurenz then unlocked the door with a housekey Ericka found in Porter's vehicle. When Porter again

refused to exit the home, Laurenz entered the house and arrested Porter for resisting, evading, or obstructing an officer under N.M. Stat. Ann. § 30-22-1(A) and (B). Porter was booked and strip searched at the Roosevelt County Detention Center (RCDC). She was then transported to the Roosevelt General Hospital (RGH) where staff performed a body cavity search.

Porter filed a variety of state and federal claims in New Mexico state court, and Defendants City of Portales and Ron Jackson removed this lawsuit under 28 U.S.C. § 1331. Defendants RCDC, Roosevelt County Board of Commissioners (the Board), Justin Porter, and Amber Hamilton now move to dismiss. In this Opinion, the Court dismisses all claims brought against the moving defendants and orders Porter to show cause why this matter should not be dismissed for failure to effect proper service on any defendant.

I.   **Statement of Facts**

On May 7, 2019, Porter's adult daughter, Ericka, reported a possible domestic dispute to the Portales Police Department. (Doc. 1-1 (Compl.) ¶¶ 6–7.) Officer Laurenz responded to Porter's home in Portales, New Mexico. (*Id.* ¶¶ 1, 6–7.) Laurenz spoke with Ericka and "stated that under New Mexico law parents had the right to 'discipline their children.'" (*Id.* ¶ 16.) Ericka did not choose to press charges. (*Id.* ¶¶ 17–18.) While Laurenz spoke to Ericka, Porter "went into her . . . home and locked the door." (*Id.* ¶ 19.) Laurenz asked Porter to come out; Porter did not respond. (*Id.* ¶ 20.) Laurenz asked Ericka for a key to the house. (*Id.* ¶ 21.) Ericka found a key in Porter's purse, which was in Porter's vehicle. (*Id.* ¶ 22.) Laurenz unlocked the back door of the house and told Porter to come outside. (*Id.* ¶¶ 24–25.) When Porter refused to comply, Laurenz entered the house and handcuffed and arrested Porter for resisting, evading, or obstructing an officer pursuant to N.M. Stat. Ann. § 30-22-1(A) and (B). (*Id.* ¶¶ 25–26.)

During booking at the RCDC, Porter was strip searched. (*Id.* ¶ 30.) She was then taken to RGH where she was subjected to a body cavity search. (*Id.* ¶¶ 32–33.) Porter did not sign a consent form for the body cavity search. (*Id.* ¶ 36.) Defendants found no contraband in either search. (*Id.* ¶ 34.)

Porter filed suit in the Ninth Judicial District Court against nine[1] defendants: the City of Portales, Mayor Ron Jackson, Pat Gallegos (Portales Chief of Police), Laurenz, Amber Hamilton (Roosevelt County Manager), Justin Porter (RCDC Detention Administrator ("Mr. Porter")), the Board, Kaye Green (RGH CEO), and the RGH Board of Directors. (*See id.* ¶ 3.) She asserts nine claims: (1) false arrest; (2) unlawful search; (3) non-consensual criminal sexual penetration; (4) prima facie tort; (5) supervisory liability against the Board and Hamilton; (6) supervisory liability against the Board, Gallegos, and Laurenz; (7) supervisory liability against the Board and Porter; (8) supervisory liability against the Board, the City of Portales, and Jackson; and (9) supervisory liability against the RGH Board and Green. (*See id.* ¶¶ 14–75.) Porter has since dismissed all claims against Jackson and the City of Portales. (*See* Docs. 32–33.) Defendants RCDC, the Board, Porter, and Hamilton now move to dismiss all claims against them. (Doc. 6.)

## II.   Legal Standards

### A.   Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] Officer Laurenz is named in the caption of the Complaint, but he is not listed in the paragraph delineating the defendants. (*See* Compl. ¶ 3.) Defendants noted this discrepancy in their Notice of Removal and surmised that Laurenz "is not an intended party." (Doc. 1 at 2.) The Court notes, though, that Laurenz is specifically named in Count VI and is referenced in the allegations under Count I.

3

(2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). The Court will "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quotation omitted).

### B. Qualified Immunity

"In assessing a qualified immunity defense" in the context of a motion to dismiss, the Court "must determine whether the plaintiff pled facts indicating: (1) the defendant violated a statutory or constitutional right and (2) that right was 'clearly established' at the time of the challenged conduct." *Crall v. Wilson*, 769 F. App'x 573, 575 (10th Cir. 2019) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Courts may address the prongs of this analysis in either order; if the plaintiff fails to meet his burden on either prong, the defendant prevails. *See Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir.), *cert. denied*, *Cummings v. Bussey*, 140 S. Ct. 81 (2019).

### III. Porter fails to plead facts sufficient to state a supervisory liability claim against Hamilton or Mr. Porter.

Porter seeks to hold Hamilton and Mr. Porter liable under 42 U.S.C. § 1983 under a theory of supervisory liability. (*See* Compl. at 7, 9.) Defendants argue that Porter has not pled facts sufficient to show that either Hamilton or Mr. Porter participated in a constitutional violation. (*See* Doc. 6 at 6–8.) "Supervisory liability 'allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution . . . .'" *Brown v. Montoya*, 662 F.3d 1152, 1163–64 (10th Cir. 2011) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 2150 (2011)). Because § "1983 does not

authorize liability under a theory of respondeat superior[,]" *id.* at 1164 (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978)), a plaintiff must demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* (quoting *Dodds*, 614 F.3d at 1199). To put it simply, "[p]ersonal liability under § 1983 must be based on [a defendant's] personal involvement" in a constitutional violation, "and supervisory liability must be based on [the defendant's p]olicy." *Id.* at 1164–65.

Porter mentions Hamilton and Mr. Porter in the case caption, in the paragraph naming the defendants, and in the title of Counts V (Hamilton) and VII (Porter). (*See* Compl. at 1, 7, 9, & ¶ 3.) But she alleges no facts to show that any custom or policy caused the constitutional harm complained of, that either defendant had responsibility for such a policy, or that either acted with the requisite state of mind. In other words, Porter fails to show "an 'affirmative link' between [either] supervisor and the violation . . . ." *Dodds*, 614 F.3d at 1195 (quotation omitted). Porter fails to state a claim for supervisory liability against Hamilton or Mr. Porter under § 1983, and the Court will dismiss Counts V and VII as to the individual defendants without prejudice.

**IV.     Porter fails to plead facts sufficient to state a *Monell* claim against the Board.**

Similarly, "[t]o state a claim against the [Board], [Porter] must allege facts showing: (1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)). Again, Porter fails to plead facts to show that the Board maintained a policy or custom that caused any constitutional violation in the face of the Board's deliberate indifference. Consequently, the Court will dismiss without prejudice

all claims brought against the Board under § 1983.

Defendants also note that Porter named the "Roosevelt County Detention Center" and the "Roosevelt County Board of Commissioners." (*See* Doc. 6 at 8; Compl. at 1.) When bringing claims against a county, a plaintiff must name "the board of county commissioners of the county of [_____] . . . ." N.M. Stat. Ann. § 4-46-1. Porter's case caption does not comply with the statute. First, she has incorrectly named the Board. Second, she named the RCDC, which is not a suable entity under either § 1983 or the NMTCA, as a defendant. *See, e.g.*, *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 272 F. Supp. 3d 1256, 1264, 1267–68 (D.N.M. 2017) (noting that county "detention center is not a suable entity under" either § 1983 or the New Mexico Tort Claims Act). The Court will dismiss the RCDC with prejudice.

V.  **The Court will dismiss any claim brought against the moving defendants in Counts I-IV.**

Porter brings a claim for false arrest in Count I and discusses Laurenz and the Portales Police Department. (Compl. ¶¶ 14–28.) She makes no reference to the Board, RCDC, Hamilton, or Mr. Porter with respect to a claim for false arrest. (*See id.*) To the extent she intends to bring this claim against the moving defendants, she fails to state a claim. The Court will grant the motion to dismiss Count I as to the moving defendants.

In Count II, Porter brings a claim for an unlawful strip search at the RCDC and an unlawful body cavity search at the RGH. (*See id.* ¶¶ 29–40.) The Court addresses only the strip search at the RCDC in this Opinion. Defendants argue that Porter fails to assert "the elements of a tort related to the alleged strip search." (Doc. 6 at 12.) Porter does not respond to this argument. (*See* Doc. 29.) Porter does not name any individual defendants in Count II; thus, the Court presumes that she intends to bring an official capacity claim against the Board under § 1983. To bring such a claim,

Porter must allege that the search that caused the constitutional injury was conducted pursuant to an official municipal policy. *See, e.g.*, *Youngquist v. Bd. of Cnty. Comm'rs for Curry Cnty., N.M.*, No. 2:15CV00077 BRB/SMV, 2016 WL 10721253, at *4 (D.N.M. Feb. 9, 2016). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011)). "An informal custom amounting to a municipal policy must amount to a 'widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" *Id.* (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010)). Porter alleges no facts regarding an official municipal policy, and the Court will grant the motion to dismiss without prejudice this claim as to the moving defendants.

Count III is titled "Non-Consensual Criminal Sexual Penetration." (Compl. at 6.) Porter asserts that "Defendants submitted [her] to a body cavity search while in their custody at RGH" without obtaining a search warrant or her signed consent. (*Id.* ¶¶ 42–44.) Defendants argue that Count III appears to identify a crime rather than a civil claim. (Doc. 6 at 12.) They contend that Porter may not maintain a criminal charge against the moving defendants, and "even if such a claim was possible, there is no waiver under the New Mexico Tort Claims Act for crimes." (*Id.*) The Court agrees that these allegations appear to assert a claim for criminal sexual penetration under either 18 U.S.C. § 2242(2)(A) or N.M. Stat. Ann. § 30-9-11. "[T]hese are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action." *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (citations omitted). The Court will grant the motion to dismiss with prejudice Count III as to all Defendants.

Finally, Porter brings a claim for "prima facie tort" in Count IV. (Compl. ¶¶ 52–56.)

7

Defendants argue that they are immune from this claim. (Doc. 6 at 13.) "A plaintiff may not sue a New Mexico governmental entity or its employees or agents unless the plaintiff's cause of action fits within one of the exceptions that the NMTCA grants for governmental entities and public employees." *Ward v. City of Hobbs*, 398 F. Supp. 3d 991, 1085 (D.N.M.), *appeal dismissed*, No. 19-2137, 2019 WL 8064625 (10th Cir. Nov. 25, 2019) (citing *Begay v. New Mexico*, 723 P.2d 252, 256 (N.M. Ct. App. 1985) ("Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act.")). The exceptions do *not* include a claim for prima facie tort. *See Derringer v. New Mexico*, 68 P.3d 961, 965 (N.M. Ct. App. 2003) (noting that because "[p]rima facie tort is not included in the specific provisions of the Tort Claims Act[,]" the governmental defendants were immune from the claim) (citing N.M. Stat. Ann. §§ 41-4-5–12). Consequently, the Court will dismiss Count IV as to all municipal defendants with prejudice, including the moving defendants and Gallegos.

## VI. Order to Show Cause

Finally, Defendants assert that "no summonses have been issued in this case, from either the state court or this Court." (Doc. 6 at 13.) "Plaintiff is 'responsible for having the summons and complaint served' upon each defendant 'within 90 days' of removal." *Sandoval v. McKinley Cnty. Adult Det. Ctr.*, No. 1:20CV00162 KWR/JFR, 2020 WL 5110624, at *3 (D.N.M. Aug. 31, 2020) (quoting Fed R. Civ. P. 4(c)(1), 4(m)) (citing *Palzer v. Cox Okla. Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. Nov. 18, 2016) ("The Tenth Circuit has interpreted 28 U.S.C. § 1448 and Rule 4(m) to give the plaintiff in a removed case 90 days 'from the date [the] defendant removes the case to federal court in which . . . imperfect or defective service may be cured.'"); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706–07 (10th Cir. 2010)). "If service is not made within 90 days, 'the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

prejudice or order that service be made within a specified time.'" *Id.* (quoting Fed. R. Civ. P. 4(m)). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* (quoting Rule 4(m)).

Defendants assert that "the state court record indicates that [Porter] mailed a copy of the complaint to various defendants by regular mail." (Doc. 6 at 13.) "Service by regular mail does not comport to NMRA 1-004 or [Federal Rule of Civil Procedure] 4[,]" both of which require signatures. (*Id.*) Defendants removed Porter's Complaint to this Court on June 9, 2021. (Doc. 1.) On that date, a text-only docket entry was filed that stated:

> PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge Stephan M. Vidmar to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. It is the responsibility of the case filer to serve a copy of this Notice upon all parties with the summons and complaint. Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference.

(Doc. 2 (emphasis omitted).) Porter has not filed a return of service or other document to indicate that she has served any of the defendants post-removal. Defendants state that "[v]ery recently, [Porter] mailed a copy of the complaint to some defendants by certified mail, but still included no summonses." (Doc. 6 at 13.) In short, it appears that Porter's attempts at service have been insufficient under the rules.

Porter fails to respond to Defendants' argument regarding the insufficient service. (*See* Doc. 29.) Even more troubling, although Porter had notice from Defendants' June 16, 2021 motion that service was defective, she has taken no steps to remedy her failure. Consequently, the Court directs Porter to **file a response to this Order to Show Cause within 14 days of the entry of this Opinion, showing good cause why this matter should not be dismissed for her failure to**

**timely serve Defendants.** *See, e.g.*, Fed. R. Civ. P. 4(m); NMRA 1-004(E)–(H).

## VII.   Conclusion

In summary, the Court dismisses without prejudice any claim[2] brought under § 1983 against the Board, as Porter fails to plead facts sufficient to allege a *Monell* claim and because she fails to name the County correctly under the relevant state statute. The Court dismisses the RCDC with prejudice, as it is not a suable entity. Regarding each claim, the Court finds the following:

Count I: The Court dismisses without prejudice any claim for false arrest as to the moving defendants; the claim otherwise remains.[3]

Count II: The Court dismisses without prejudice any claim for unlawful search at the RCDC as to the moving defendants; the claim otherwise remains.

Count III: The Court dismisses with prejudice the claim for non-consensual sexual penetration as to all defendants.

Count IV: The Court dismisses with prejudice the claim for prima facie tort against the moving defendants and Gallegos; the claim otherwise remains.

Count V: The Court dismisses this claim without prejudice in its entirety.

Count VII: The Court dismisses this claim without prejudice in its entirety.

Porter shall comply with the Court's Order to Show Cause as outlined above.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is **GRANTED IN PART** as outlined above.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[2] This decision includes Counts VI and VIII.

[3] The Court makes no finding regarding the sufficiency of Porter's remaining claims.