# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SOCORRO PORTER,

      Plaintiff,

v.                                                                                  No. CIV 21-0528 RB/GJF

City of Portales – City Hall
Attn: Mayor Ron Jackson
100 W. 1st St., Portales, NM 88130

Portales Police Department
Attn: Pat Gallegos Chief of Police
Attn: Officer Nickolas Laurenz
42427 US Hwy 70, Portales, NM 88130

Roosevelt County Detention Center
Attn: Justin Porter Detention Administrator
1700 N. Boston, Portales, NM 88130

Roosevelt County Board of Commissioners
Attn: Amber Hamilton County Manager
109 W. 1st St., Portales, NM 88130

Roosevelt General Hospital
Attn: Kaye Green Chief Executive Officer, FACHE
Attn: Board of Directors
42121 US Hwy 70, Portales, NM 88130,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      On May 7, 2019, Officer Nickolas Laurenz of the Portales Police Department responded to a possible domestic dispute between Plaintiff Socorro Porter and her adult daughter (Ericka) at Porter's home. Laurenz ultimately arrested Porter for resisting, evading, or obstructing an officer under N.M. Stat. Ann. § 30-22-1(A) and (B). Porter was booked and strip searched at the Roosevelt

County Detention Center (RCDC). She was then transported to the Roosevelt General Hospital (RGH) where staff performed a body cavity search.

Porter filed a variety of state and federal claims in New Mexico state court, and Defendants City of Portales and Ron Jackson removed it under 28 U.S.C. § 1331. The parties stipulated to the dismissal of the City of Portales and Jackson (Docs. 32–33), and the Court dismissed Porter's claims against Defendants RCDC, Roosevelt County Board of Commissioners (the Board), Porter, and Hamilton in an earlier Opinion (Doc. 35). Defendants Roosevelt General Hospital (RGH) and Kaye Green now move to dismiss all claims against them. The Court will grant in part the motion. The Court also orders Porter to show cause why her remaining claims against Laurenz and Gallegos should not be dismissed for failure to prosecute.

I.   **Statement of Facts**

On May 7, 2019, Porter's adult daughter, Ericka, reported a possible domestic dispute to the Portales Police Department. (Doc. 1-1 (Compl.) ¶¶ 6–7.) Officer Laurenz responded to Porter's home in Portales, New Mexico. (*Id.* ¶¶ 1, 6–7.) For reasons that are irrelevant to this opinion, Laurenz ultimately arrested Porter for resisting, evading, or obstructing an officer pursuant to N.M. Stat. Ann. § 30-22-1(A) and (B). (*Id.* ¶¶ 25–26.) During booking at the RCDC, Porter was strip searched. (*Id.* ¶ 30.) She was then taken to RGH where she was subjected to a body cavity search. (*Id.* ¶¶ 32–33.) Porter did not sign a consent form for the body cavity search. (*Id.* ¶ 36.) Defendants found no contraband in either search. (*Id.* ¶ 34.)

Porter filed suit in the Ninth Judicial District Court against nine defendants: the City of Portales, Mayor Ron Jackson, Pat Gallegos (Portales Chief of Police), Officer Nickolas Laurenz, Amber Hamilton (Roosevelt County Manager), Justin Porter (RCDC Detention Administrator), the Board, Kaye Green (RGH CEO), and the RGH Board of Directors. (*See id.* ¶ 3.) She originally

asserted nine claims: (1) false arrest; (2) unlawful search; (3) non-consensual criminal sexual penetration; (4) prima facie tort; (5) supervisory liability against the Board and Hamilton; (6) supervisory liability against the Board, Gallegos, and Laurenz; (7) supervisory liability against the Board and Porter; (8) supervisory liability against the Board, the City of Portales, and Jackson; and (9) supervisory liability against the RGH Board and Green. (*See id.* ¶¶ 14–75.) Porter has since dismissed all claims against Jackson and the City of Portales. (*See* Docs. 32–33.) The Court dismissed all claims against Defendants RCDC, the Board, Porter, and Hamilton. (Doc. 35.) RGH and Green now move to dismiss all claims against them. (Doc. 39.)

**II.     Legal Standards**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). The Court will "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quotation omitted).

**III.    Porter fails to plead facts sufficient to state a supervisory liability claim against Green.**

Porter seeks to hold Green liable under 42 U.S.C. § 1983 under a theory of supervisory liability. (*See* Compl. ¶¶ 73–75.) Defendants argue that Porter has not pled facts sufficient to show that Green personally violated Porter's constitutional rights or was responsible for a policy that caused such harm. (*See* Doc. 39 at 6–7.) "Supervisory liability 'allows a plaintiff to impose liability

3

upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution . . . .'" *Brown v. Montoya*, 662 F.3d 1152, 1163–64 (10th Cir. 2011) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 2150 (2011)). Because § "1983 does not authorize liability under a theory of respondeat superior[,]" *id.* at 1164 (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978)), a plaintiff must demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* (quoting *Dodds*, 614 F.3d at 1199). To put it simply, "[p]ersonal liability under § 1983 must be based on [a defendant's] personal involvement" in a constitutional violation, "and supervisory liability must be based on [the defendant's p]olicy." *Id.* at 1164–65.

Porter mentions Green in the case caption, in the paragraph naming the defendants, and in the title of Count IX. (*See* Compl. at 1, 10 & ¶ 3.) She alleges no facts to show that any custom or policy caused the constitutional harm complained of, that Green had responsibility for such a policy, or that Green acted with the requisite state of mind. In other words, Porter fails to show "an 'affirmative link' between [either] supervisor and the violation . . . ." *Dodds*, 614 F.3d at 1195 (quotation omitted). Porter fails to state a claim for supervisory liability against Green under § 1983, and the Court will dismiss Count IX as to Green.

**IV.    Porter fails to plead facts sufficient to state a *Monell* claim against RGH.**

Similarly, "[t]o state a claim against [RGH], [Porter] must allege facts showing: (1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020) (citing *Schneider v. City of Grand*

4

*Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)). Again, Porter fails to plead facts to show that RGH maintained a policy or custom that caused any constitutional violation in the face of RGH's deliberate indifference. Consequently, the Court will dismiss Count IX as to the Board.

**V.      Porter fails to plead facts sufficient to state a claim for unlawful arrest against RGH or Green.**

Porter brings a claim for false arrest in Count I. (Compl. ¶¶ 14–28.) She does not, however, reference RGH or Green in Count I, and she does not respond to their argument that this count should be dismissed. (*See id.*; *see also* Doc. 41.) The Court finds that she concedes to dismissal of this claim as to RGH and Green and will dismiss with prejudice Count I as to the moving defendants.

**VI.     Porter fails to plead facts sufficient to state a claim for unlawful search against RGH or Green.**

In Count II, Porter brings, in relevant part, a claim for an unlawful body cavity search at RGH. (*See id.* ¶¶ 29–40.) Defendants argue that Porter fails to assert "the elements of a tort related to the alleged body cavity search." (Doc. 39 at 8.) Porter does not specifically respond to this argument but instead argues that RGH must show that Porter "knowingly and willingly consented to such a search." (*See* Doc. 41 at 5.) The Court sides with Defendants.

Because Porter does not name Green in the allegations of Count II, the Court presumes she intends to bring an official capacity claim against Defendants under § 1983. Defendants assert, and Porter does not dispute, that to state such a claim, "she must demonstrate that the allegedly unlawful search was conducted pursuant to an official policy." (Doc. 39 at 8 (citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003)).) Merely alleging that Defendants failed to secure signed consent or require a search warrant for a body cavity search is insufficient to plausibly show that Defendants maintained a policy that caused the harm. (*See* Compl. ¶ 35–36.) Accordingly, the

Court will dismiss Count II as to the moving defendants.

**VII.     The Court will dismiss the claim for prima facie tort against RGH and Green.**

Finally, Porter brings a claim for "prima facie tort" in Count IV. (Compl. ¶¶ 52–56.) "A plaintiff may not sue a New Mexico governmental entity or its employees or agents unless the plaintiff's cause of action fits within one of the exceptions that the NMTCA grants for governmental entities and public employees." *Ward v. City of Hobbs*, 398 F. Supp. 3d 991, 1085 (D.N.M.), *appeal dismissed*, No. 19-2137, 2019 WL 8064625 (10th Cir. Nov. 25, 2019) (citing *Begay v. New Mexico*, 723 P.2d 252, 256 (N.M. Ct. App. 1985) ("Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act.")). The exceptions do *not* include a claim for prima facie tort. *See Derringer v. New Mexico*, 68 P.3d 961, 965 (N.M. Ct. App. 2003) (noting that because "[p]rima facie tort is not included in the specific provisions of the Tort Claims Act[,]" the governmental defendants were immune from the claim) (citing N.M. Stat. Ann. §§ 41-4-5–12). Defendants argue that they are immune from this claim on this basis. (Doc. 39 at 8–9.)

Porter states that it is not clear whether RGH and Green "are public employees or entities or private corporation employees or is it a hybrid organization that spans both spectrums to the business organization." (Doc. 41 at 4.) She asserts that further discovery is needed on this issue. Defendants fail to address this allegation in their reply brief. Consequently, the Court will deny the motion to dismiss as to Count IV.

**VIII.    Order to Show Cause**

With the exception of the prima facie tort claim against RGH and Green, it appears that Porter only has four claims remaining (Counts I, II, IV and VI), all brought against Laurenz and Gallegos. (*See* Docs. 32–34 (dismissing the City of Portales and Jackson); 35 (dismissing claims

against RCDC, the Board, Porter, and Hamilton).) It does not appear that Laurenz and Gallegos have been served within the time allowed by Federal Rule of Civil Procedure 4(m). Even if Porter has served these two defendants, neither one has entered an appearance or filed a response to the Complaint, nor has Plaintiff taken any steps to prosecute this action against them.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for failure to prosecute sua sponte. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also* D.N.M. LR-Civ. 41.1. The Court is also authorized to impose sanctions for a plaintiff's failure to prosecute based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Consequently, the Court will order Porter to show good cause in writing why the Complaint should not be dismissed as against Laurenz and Gallegos. **Failure to respond shall result in the Court dismissing the claims against these defendants without prejudice and remanding Porter's remaining state law claim against RGH and Green to state court.**

THEREFORE,

**IT IS ORDERED** that Defendants Roosevelt General Hospital and Kaye Green's Motion to Dismiss (Doc. 39) is **GRANTED**;

**IT IS FURTHER ORDERED** that Porter shall respond to the Order to Show Cause within **14 days** why this Complaint should not be dismissed as against Laurenz and Gallegos.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE