IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOCORRO PORTER,

      Plaintiff,

v.                                                      No. CIV 21-0528 RB/GJF

City of Portales – City Hall
Attn: Mayor Ron Jackson
100 W. 1st St., Portales, NM 88130

Portales Police Department
Attn: Pat Gallegos Chief of Police
Attn: Officer Nickolas Laurenz
42427 US Hwy 70, Portales, NM 88130

Roosevelt County Detention Center
Attn: Justin Porter Detention Administrator
1700 N. Boston, Portales, NM 88130

Roosevelt County Board of Commissioners
Attn: Amber Hamilton County Manager
109 W. 1st St., Portales, NM 88130

Roosevelt General Hospital
Attn: Kaye Green Chief Executive Officer, FACHE
Attn: Board of Directors
42121 US Hwy 70, Portales, NM 88130,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Socorro Porter's Response to the Court's Order to Show Cause. (Doc. 50.) In its November 7, 2022 Memorandum Opinion and Order, the Court noted that Porter had not served Defendants Laurenz and Gallegos within the time allowed by Federal Rule of Civil Procedure 4(m). (Doc. 49 at 6–7.) The Court ordered Porter to show cause why her claims against these two defendants should not be dismissed for failure to prosecute. (*See*

*id.*) Porter responds and acknowledges that she failed to properly serve Laurenz and Gallegos in accordance with Rule 4(m). (*See* Doc. 50.)

"Plaintiff is 'responsible for having the summons and complaint served' upon each defendant 'within 90 days' of removal." *Sandoval v. McKinley Cnty. Adult Det. Ctr.*, No. 1:20-CV-00162 KWR/JFR, 2020 WL 5110624, at *3 (D.N.M. Aug. 31, 2020) (quoting Fed R. Civ. P. 4(c)(1), 4(m)) (citing *Palzer v. Cox Okla. Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016) (noting that the Tenth Circuit has interpreted 28 U.S.C. § 1448 and Rule 4(m) to give the plaintiff in a removed case 90 days "from the date [the] defendant removes the case to federal court in which . . . imperfect or defective service may be cured"); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706–07 (10th Cir. 2010)). "If service is not made within 90 days, 'the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time.'" *Id.* (quoting Fed. R. Civ. P. 4(m)). "If, however, 'the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.'" *Id.* (quoting Fed. R. Civ. P. 4(m)).

The Court finds that Porter fails to give good cause for her failure to properly serve Laurenz and Gallegos. The Court's most recent Order to Show Cause was not the first time Porter received notice that she had failed to properly serve defendants. First, in the Notice of Removal, Defendants City of Portales and Ron Jackson asserted that "Defendant Gallegos has not been served and Nicholas Laurenz, while being identified in the caption, is not an intended party." (Doc. 1 at 2.) Second, although the parties have met and conferred twice pursuant to Federal Rule of Civil Procedure 26(f), neither Gallegos nor Laurenz appeared at either meeting. (*See* Docs. 19 at 1 (noting that counsel for Defendants City of Portales, Jackson, the County Defendants, and the Hospital Defendants met with counsel for Porter); 45 at 1 (noting that counsel for the Hospital

Defendants met with counsel for Porter).)

Later, Porter received notice from four other defendants (Roosevelt County Detention Center, Roosevelt County Board of Commissioners, Justin Porter, and Amber Hamilton, the "County Defendants") that she had failed to effect proper service of the complaint and summonses in either state court or, after removal, in this Court. (*See* Docs. 6 at 13; 35 at 8–9.) The County Defendants sought dismissal on this basis, among others, and the Court ordered Porter to show cause why the case should not be dismissed because of her failure to timely serve the County Defendants. (*See* Docs. 6 at 13; 35 at 8–9.) Porter responded and stated that she sent copies of the complaint by mail with return receipt signatures required. (*See* Doc. 36 at 1–2.) She did not assert that she sent copies of the summonses. (*See id.*) She argued, however, that as the County Defendants had actual notice of the lawsuit, she had met the relevant constitutional requirements. (*Id.* at 3.) Because the Defendants did not respond to Porter's arguments, the Court quashed the Order to Show Cause. (*See* Doc. 37.)

"The 'good cause' standard, as interpreted by the courts, is quite restrictive." *Lopez v. United States*, 129 F. Supp. 2d 1284, 1295 (D.N.M. 2000), *aff'd*, 21 F. App'x 879 (10th Cir. 2001). "Inadvertence, negligence, ignorance of the service requirements, and reliance on a process server have all been determined not to constitute good cause." *Id.* (citing *Broitman v. Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996); *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125–26 (10th Cir. 1991)). "Similarly, the fact that a defendant may have had actual notice of the suit, and has suffered no prejudice, does not constitute good cause." *Id.* (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438–39 (10th Cir. 1994)).

Porter had explicit notice that she failed to adequately serve copies of the complaint and summonses on the defendants under Rule 4(m). Moreover, Porter had no reason to believe that

Laurenz nor Gallegos had actual notice of the lawsuit, as they did not appear at the Rule 26(f) conference. Nevertheless, Porter has failed to remedy her failure to serve Laurenz and Gallegos. "[T]he 'good cause' provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.'" *Lozano v. City of Roswell*, No. 09CV158 MCA/WPL, 2009 WL 10706695, at *2 (D.N.M. Dec. 28, 2009) (quoting *Despain*, 13 F.3d at 1438). Given this background, and because Porter has offered neither an adequate explanation or evidence of her meticulous efforts to comply with the Rule (*see* Doc. 50), the Court finds that Porter has not shown good cause for her failure to sufficiently serve Laurenz and Gallegos under Rule 4(m).

Porter now asks for time to cure the deficiencies. (*See id.* at 2.) Absent good cause, "[t]he Court must also consider whether a permissive extension of time is appropriate." *Elevario v. Hernandez*, No. 10-CV-00015-RB-WDS, 2010 WL 11618911, at *3 (D.N.M. Dec. 20, 2010). In making this determination,

> the Court may consider several factors: (1) whether the applicable statute of limitations would bar Plaintiffs from refiling the action if it were dismissed; (2) whether Plaintiffs attempted to comply with Rule 4(m); (3) the number of defendants or other complexities of the case that may have made it difficult for Plaintiffs to effectuate service of process; (4) whether a permissive extension would prejudice Defendant; and (5) whether Defendant was evading service of process.

*Id.* (citing *Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995); *Zamora v. City of Belen*, No. Civ. 03-743 JB/RLP, 2004 WL 3426121 at *3 (D.N.M. Aug. 9, 2004)). Here, the Court finds, in its discretion, that the factors weigh against a permissive extension.

The only factor that weighs in Porter's favor is the first, as her claims under both 42 U.S.C. § 1983 and the New Mexico Tort Claims Act would likely be time-barred by the relevant statutes of limitations. *See, e.g.*, *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1207, 1216 (D.N.M. 2010)

(noting that the statute of limitations for claims under § 1983 is three years); *Gose v. Bd. of Cnty. Comm'rs of Cnty. of McKinley*, 727 F. Supp. 2d 1256, 1266 (D.N.M. 2010) (noting that the statute of limitations for claims under the NMTCA is two years). The remaining factors weigh against an extension.

Porter has not made clear that her attempts to serve Laurenz and Gallegos were proper under Rule 4(m). She states that she sent a copy of the complaint (but not the summonses) to the Portales Police Department via certified mail. (*See* Doc. 50 at 2.) Yet, Gallegos is no longer employed by the Portales Police Department. (*See* Doc. 19 at 18.) And even if Laurenz is still employed there, Porter has not shown that service was proper under New Mexico state service rules. She asserts that she served Laurenz and Gallegos pursuant to NMRA 1-004(E)(3), which allows service to be made "by mail . . . provided that the envelope is addressed to the named defendant and . . . that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope . . . containing the summons and complaint . . . ." NMRA 1-004(E)(3). Porter submits signed certified mail receipts sent to: "Portales Police Department Atn: Chief Pat Gallegos An: Ofcr. Nicholas Laurenz." (*sic*) (Doc. 50-C.) It is unclear who signed the receipt or whether they were authorized to do so under the rule. And again, Porter acknowledges that neither Gallegos nor Laurenz was ever "appropriately served with a summons" under Rule 4(m). (*See* Doc. 50 at 2.) Because Porter had notice of this deficiency when the County Defendants raised the issue in their motion to dismiss and Porter failed to cure the insufficient process (*see* Doc. 37 at 2), the Court cannot find that Porter "attempted to comply with Rule 4(m) . . . ." *Elevario*, 2010 WL 11618911, at *3 (citation omitted); *see also Merayo v. Marquez*, No. 2:19-CV-1173 KWR/JFR, 2020 WL 7428620, at *3 (D.N.M. Dec. 18, 2020).

Porter makes no argument to support a finding that the number of defendants or complexities of the case made it difficult for her to properly serve Gallegos or Lauren, nor that the defendants were attempting to evade service of process. (*See* Doc. 50.) Finally, a permissive extension would prejudice the defendants, as more than three years have elapsed, and they have not had any opportunity to mount a defense. On balance, the relevant factors weigh against a permissive extension. The Court declines to allow Porter additional time to effect service of process and will dismiss her claims against Laurenz and Gallegos without prejudice.

There being no further federal claims against the remaining defendants, the Court declines to exercise supplemental jurisdiction over this matter and will remand the proceeding to state court for adjudication of those claims. *See Sabeerin v. Fassler*, No. 1:16-CV-00497 JCH/LF, 2021 WL 1227726, at *8 (D.N.M. Apr. 1, 2021). (*See also* Doc. 49 at 6 (noting that "[w]ith the exception of the prima facie tort claim against RGH and Green, it appears that Porter only has four claims remaining . . . . , all brought against Laurenz and Gallegos").)

**THEREFORE,**

**IT IS ORDERED** that Porter's claims against Defendants Laurenz and Gallegos are **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Ninth Judicial District Court, County of Roosevelt, State of New Mexico.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE